In the Matter of the Claim of JOHN RIZZO, Appellant, against LISK MANUFACTURING COMPANY, LTD., Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board denying an award to claimant. His work consisted of loading metal castings on metal racks.

They were then placed in a hot oven for annealing. After the annealing process he would pull the rack out of the oven and it would come out hot. Before a load was placed in the oven it was his duty to sprinkle the castings with a solution of muriatic acid. He claims that when the solution struck the heated rack the smoke or vapor which arose affected him, resulting in anemia caused by hydrochloric acid poisoning. There is medical testimony to the effect that his physical condition did not result from his employment, and the Board has found that the substance to which he was exposed was not a competent producing cause of his disability, and that there is no causal relation between the breathing of the fumes and the disabling condition suffered by claimant. Further, that his disability was not the result of an accidental occurrence arising out of and in the course of his employment. Appellant also insists that a fair trial was not had for the reason that without the request of the parties the referee called a physician from the Division of Industrial Hygiene to give his opinion as to claimant's disability and its cause, and that with reference to the testimony of such doctor the referee stated: "All these occupational disease cases which are complicated, that is why the Department of Labor have Dr. Graham-Rogers here. He is really the Referee, in a sense. Deciding these questions. As a rule it is like with Dr. Lewy when he comes up on complicated medical cases, we generally abide by his findings and opinion." We have heretofore expressed disapproval in a similar situation (See *Matter of Veres* v. *Lumen Bearing Co.*, 255 App. Div. 171), but here as in the case referred to the matter was later brought before the Board where the claimant had an opportunity to present further testimony or to make objection to the misconduct of the referee. The record discloses no such objection. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.